12-4897-cv
Beardslee v. Inflection Energy, LLC

# United States Court of Appeals

## FOR THE SECOND CIRCUIT

August Term, 2013

(Argued: August 22, 2013          Question Certified: July 31, 2014
Certified Question Answered: March 31, 2015     Decided: August 19, 2015)

No. 12-4897-cv

WALTER R. BEARDSLEE, INDIVIDUALLY AND AS CO-TRUSTEE OF THE DRUSILLA W.
BEARDSLEE FAMILY TRUST, ANDREA R. MENZIES, AS CO-TRUSTEE OF THE DRUSILLA
W. BEARDSLEE FAMILY TRUST, JOHN A. BEARDSLEE, AS CO-TRUSTEE OF THE
DRUSILLA W. BEARDSLEE FAMILY TRUST, PHYLLIS L. BENSON, ELIZABETH A.
BEARDSLEE, LYNDA B. COCCIA, NATHAN J. DONNELLY, CAROLYN B. DONNELLY,
KEVIN P. DONNELLY, ROSE ANN DONNELLY, MARIE S. DONNELLY, WILLIAM J.
HANER, JOSEPH HANER, JAMES HANER, MARGARET LAWTON, GLEN MARTIN, LYNN
M. MARTIN, JOSEPH E. MCTAMNEY, B. LOUISE MCTAMNEY, BONNIE D. MEAD, R.
DEWEY MEAD, WAYNE R. MIDDENDORF, CYNTHIA L. MIDDENDORF, FLOYD E.
MOSHER, JR., LESA D. MOSHER, AKA LESA HUNTINGTON, MOUNTAIN PARADISE
CLUB NY 31 LLC, JAMES W. REYNOLDS, AS TRUSTEE OF THE JAMES W. REYNOLDS
TRUST, MARY A. PFEIL-ELLIS, KERRY K. ELLIS, PAUL R. SALAMIDA, PAULINE M.
SALAMIDA, GARY D. SHAY, BONITA K. SHAY, BRAD A. VARGASON,

*Plaintiffs-Counter-Defendants-Appellees*,

−v.−

INFLECTION ENERGY, LLC, VICTORY ENERGY CORPORATION, MEGAENERGY, INC.,

*Defendants-Counter-Claimants-Appellants*.

B e f o r e :

WINTER, WESLEY, AND CARNEY, *Circuit Judges*.

―――――――――

Appeal from a decision of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*) granting the motion of landowner-lessors for summary judgment and denying the cross-motion for summary judgment of their lessees, various energy companies.  The District Court concluded that the parties' oil and gas leases had expired by their terms and that the leases' *force majeure* clauses did not extend the leases' primary terms.  We certified to the New York Court of Appeals two questions: (1) whether New York's moratorium on high-volume hydraulic fracturing (commonly known as "fracking") was a *force majeure* event under the leases; and (2) whether the *force majeure* clause modified the leases' habendum clause and extended their primary terms.  The Court of Appeals answered the second of those two questions, concluding that the *force majeure* clause did not serve to modify the primary terms of the leases, and declined accordingly to answer the first.  Applying New York law as newly articulated by the Court of Appeals, we AFFIRM the judgment of the District Court.

> THOMAS S. WEST, The West Firm, PLLC, Albany, NY, *for Defendants-Counter-Claimants-Appellants Inflection Energy, LLC, et al.*
>
> ROBERT R. JONES (Peter H. Bouman, *on the brief*), Coughlin & Gerhart, LLP, Binghamton, NY, *for Plaintiffs-Counter-Defendants-Appellees Walter R. Beardslee, et al.*
>
> WALTER P. LOUGHLIN (Walter A. Bunt, Jr., Bryan D. Rohm, *on the brief*), K&L Gates LLP, New York, NY, *for Amicus Curiae Marcellus Shale Coalition.*

―――――――――

PER CURIAM:

Inflection Energy, LLC ("Inflection"), Victory Energy Corporation, and Megaenergy, Inc. (collectively, the "Energy Companies") appeal from the District Court's order granting summary judgment to Walter and Elizabeth Beardslee and over thirty other landowners (collectively, the "Landowners"), and denying summary judgment to the Energy Companies. *See Beardslee v. Inflection Energy, LLC* (*Beardslee I*), 904 F. Supp. 2d 213 (N.D.N.Y. 2012). Because this case raises significant and novel questions of New York oil and gas law, we certified two questions to the New York Court of Appeals. Applying New York law as articulated by the Court of Appeals in its opinion addressing those certified questions, we now affirm the judgment of the District Court.

We assume the reader's familiarity with the District Court's opinion; our certification opinion, *Beardslee v. Inflection Energy, LLC* (*Beardslee II*), 761 F.3d 221 (2d Cir. 2014); and the related decision of the New York Court of Appeals, *Beardslee v. Inflection Energy, LLC* (*Beardslee III*), 25 N.Y.3d 150 (Mar. 31, 2015), *reh'g denied*, 2015 WL 3951961 (N.Y. June 30, 2015). We restate briefly the most salient facts.

## I. Factual Background

Beginning in 2001, the Landowners entered into certain oil and gas leases (the "Leases") with the Energy Companies, granting the Energy Companies rights to extract oil and gas underlying the Landowners' real property in Tioga County, New York. Each of the Leases contains an identical "habendum clause."[1] This clause establishes the period during which the Energy Companies may exercise the drilling rights granted by the Lease. The clause provides:

> It is agreed that this lease shall remain in force for a primary term of FIVE (5) years from the date hereof and as long thereafter as the said land is operated by Lessee in the production of oil or gas.

App'x 32 ¶ 1. The habendum clause thus establishes both a five-year "primary term" and a secondary term lasting as long as the Energy Companies continue to extract oil and gas from the land.

In addition, each Lease contains what the parties refer to as a *force majeure* clause, which speaks to the effect of delays and interruptions in drilling. That clause provides, in relevant part:

> If and when drilling . . . [is] delayed or interrupted . . . as a result of some order, rule, regulation . . . or necessity of the

---

[1] A habendum clause, which is "typically found in standard oil and gas leases" such as those at issue here, is used to "fix the duration of such a lease." *Wiser v. Enervest Operating, L.L.C.*, 803 F. Supp. 2d 109, 113 n.3 (N.D.N.Y. 2011).

4

> government, or as the result of any other cause whatsoever beyond the control of Lessee, the time of such delay or interruption shall not be counted against Lessee, anything in this lease to the contrary notwithstanding. All express or implied covenants of this lease shall be subject to all Federal and State Laws, Executive Orders, Rules or Regulations, and this lease shall not be terminated, in whole or in part, nor Lessee held liable in damages for failure to comply therewith, if compliance is prevented by, or if such failure is the result of any such Law, Order, Rule or Regulation.

App'x 33 ¶ 6.

On July 23, 2008, then-Governor David Paterson "ordered formal public environmental review to address the impact of combined use of high-volume hydraulic fracturing (HVHF) (commonly known as 'fracking') and horizontal drilling." *Beardslee III*, 25 N.Y.3d at 154. In particular, he "directed the New York State Department of Environmental Conservation (DEC) to update and supplement its . . . generic environmental impact statement (GEIS) on conventional oil and gas exploration." *Id.* Accordingly, in 2009 the DEC issued a draft supplemental GEIS (SGEIS). *See id.* at 155. The following year, on December 13, 2010, Governor Paterson instructed the DEC to revise the draft SGEIS to address comprehensively "the environmental impacts associated with [HVHF] combined with horizontal drilling." *Id.* (quoting N.Y. Comp. Codes R. & Regs. tit. 9, § 7.41). Governor Paterson also mandated then that the DEC issue no

5

permits for HVHF before the completion of a final SGEIS. *See id.* In *Beardslee III*, the New York Court of Appeals described Governor Paterson's 2010 orders as imposing a statewide "moratorium on '[HVHF] combined with horizontal drilling.'" *Id.* at 155 n.4 (quoting *Wallach v. Town of Dryden*, 23 N.Y.3d 728, 740 n.1 (2014)).[2]

## II. Procedural History

In 2010, Inflection sent notices of extension to those Landowners with whom it had contracted, asserting that New York's regulatory actions constituted a *force majeure* event under the Leases and thus extended the Leases' primary terms. On February 8, 2012, the Landowners filed this declaratory action against the Energy Companies in the United States District Court for the Northern District of New York, seeking a ruling that the Leases' primary terms had not been extended and the Leases had instead expired at the conclusion of those terms. The Energy Companies counterclaimed, reasserting the position first taken by Inflection in the 2010 notices.

---

[2] In June 2015, three months after *Beardslee III* issued, the DEC concluded its review of HVHF and announced that it "will not establish a high-volume hydraulic fracturing permitting program; that no individual or site-specific permit applications . . . will be processed; and that high-volume hydraulic fracturing will be prohibited in New York State." *Findings Statement, Final Supplemental Generic Environmental Impact Statement on the Oil, Gas and Solution Mining Regulatory Program*, at 41 (June 29, 2015), *available at* http://www.dec.ny.gov/docs/materials_minerals_pdf/findingstatehvhf62015.pdf.

The parties each moved for summary judgment. The District Court granted the Landowners' motion and denied the Energy Companies' cross-motion, concluding that the *force majeure* clause did not operate to extend the Leases. *See Beardslee I*, 904 F. Supp. 2d at 220-21. The Energy Companies timely appealed.

**III.   Our Certification Opinion and the New York Court of Appeals' Answer**

Because this appeal "turns on significant and novel issues of New York law concerning the interpretation of oil and gas leases, a legal field that is both relatively undeveloped in the State and of potentially great commercial and environmental significance to State residents and businesses," *Beardslee II*, 761 F.3d at 224, we certified the following two questions to the New York Court of Appeals:

> 1.    Under New York law, and in the context of an oil and gas lease, did the State's Moratorium amount to a *force majeure* event?
>
> 2.    If so, does the *force majeure* clause modify the habendum clause and extend the primary terms of the leases?

*Id.* at 232.

7

The Court of Appeals began by answering the second certified question. Construing the Leases "with reference to both the intention of the parties and the known practices within the industry," the court concluded that the *force majeure* clause "does not modify the primary term of the habendum clause and, therefore, does not extend the leases." *Beardslee III*, 25 N.Y.3d at 157. It then declined to answer the first question, which its answer to the second had rendered academic.

In construing the Leases, the Court of Appeals observed, first, that the habendum clause does not incorporate the *force majeure* clause either explicitly or by reference. *See id.* at 157-58. Second, the court rejected the Energy Companies' argument that the habendum clause was modified by the *force majeure* clause's provision that "the time of such delay or interruption shall not be counted against Lessee, anything in this lease to the contrary notwithstanding." The court explained that the *force majeure* clause does not "conflict with the provisions of the primary term of the habendum clause" and so has no bearing on that term. *Id.* at 158-59.

## IV. Application

Having received a definitive statement of New York law from the Court of Appeals, we now apply that law in reviewing the District Court's judgment.[3] We review *de novo* an order granting summary judgment. S*ee Westinghouse Credit Corp. v. D'Urso*, 278 F.3d 138, 145 (2d Cir. 2002). Summary judgment in favor of the moving party is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Under New York law, as the Court of Appeals has explained, the Leases' *force majeure* clause does not modify the habendum clause. Whether or not the moratorium on HVHF and horizontal drilling qualifies as a *force majeure* event, then, it did not operate to extend the Leases' primary terms. Accordingly, because we perceive no factual disputes material to the legal question presented, we conclude that the District Court correctly granted summary judgment in

---

[3] In a submission filed in our Court after the New York Court of Appeals' decision in this case, the Energy Companies urge us not to follow *Beardslee III*, advancing the argument that the Court of Appeals misquoted the Leases' language and misapplied New York law. Those same arguments were presented to the Court of Appeals in the Energy Companies' motion for reargument there—a motion that the court denied. *See* 2015 WL 3951961 (N.Y. June 30, 2015). Here, we note that the Court of Appeals did not misquote the Leases. Moreover, we will not second-guess the court's interpretation and application of New York law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938).

9

favor of the Landowners and denied Defendants' cross-motion for summary judgment.

## CONCLUSION

For the reasons discussed above, we AFFIRM the judgment of the District Court.